**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHRISTINA CARREIRA<br>38940 Polo Club Drive<br>Farmington Hills, MI 48335<br><br>Plaintiff,<br><br>against<br><br><br><br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES,<br>20 Massachusetts Ave NW,<br>Washington DC 20529<br><br><br>Defendant. | Case No.:<br><br><br><br>COMPLAINT |

**COMPLAINT**

**BACKGROUND**

1. This case involves review under the Administrative Procedure Act of a decision of the United States Citizenship and Immigration Services (USCIS) denying a petition by the plaintiff, Christina Carriera, to be classified as an alien of extraordinary ability under 8 U.S.C. §

| | |
|---|---|
| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |

1153(b)(1)(A) so as to be able to compete for the United States at all international events, including, hopefully, the Beijing 2022 Winter Olympics.

2. As will quickly become apparent, the denial of this petition was arbitrary and capricious in the extreme in that the USCIS's weird conclusion that "silver and gold awards at national and international .. ice skating competitions," are not "nationally or internationally recognized prizes or awards for excellence in the field of endeavor, because it is limited to members of that association and participants of those competitions", Exhibit 4 at 5, is entirely irrational, in that such limitations on the winners of such awards is completely unrelated to the ultimate issue of whether they are nationally or internationally recognized. In fact, World Junior Championship awards are the highest the world of junior ice dance skating has to offer.

3. Furthermore, consistent application of the USCIS's reasoning would also make the Heisman Trophy or the National Football League's Most Valuable Player Award not a recognized prize or award for excellence in the field of endeavor, because the Heisman Trophy is limited to students at accredited universities and the MVP award to members of National Football League teams and, of course, to win either award one must necessarily have participated in college or NFL football games, respectively.

4. Indeed, the application of this reasoning would even make an Olympic Gold Medal not a nationally or internationally recognized award, since it too is awarded only to members of the various competing states' Olympic teams who actually participate in the Olympic Games.

5. Since the USCIS's failure to credit Ms. Carriera with three of the ten criteria of extraordinary ability set forth in 8 C.F.R. § 204.5(h)(3) was the sole basis for denial of her petition, Exhibit

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

4 at 7, and the agency conceded that Ms. Carriera did satisfy at least two of these criteria, Exhibit 4 at 5, its nonsensical refusal to recognize her awards in the field of junior ice dancing (such as, to cite but one prominent example, the Gold Medal in the 2018 United States National Junior Championships) solely "because it is limited to members of that association and participants of those competitions" renders the decision denying this petition arbitrary, capricious, and in fact, absurd.

## STATEMENT OF UNDISPUTED FACTS[1]

6. Christina Carriera is a citizen and national of Canada currently lawfully present in the United States as an athlete performing at an internationally recognized level of performance pursuant to 8 U.S.C. § 1101(a)(15)(P)(i). Exhibit 1 at 22. She is half of the two member team of Carriera/Pomomarenko, the highest ranked competitive junior ice dance team in the world as ranked by the governing body of the sport, the International Skating Union (ISU). Exhibit 1 at 60. Since 2016 they have one the following awards in their field:

- Gold Medal: 2018 United States National Junior Championships
- Gold Medal: 2017 Junior Grand Prix, Belarus
- Gold Medal: 2017 Junior Grand Prix, Austria
- Silver Medal: 2017 Junior Grand Prix Finals, Negoya, Japan
- Silver Medal: 2018 Junior World Championships
- Gold Medal: 2017 Lake Placid Ice Dance Internationals
- Silver Medal: 2017 United States National Championships

---

[1] Evidence of all the facts referenced in the complaint was filed with, or by, the USCIS in this matter and so should be in the administrative record. The proceeding before the agency did not involve any factual disputes.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

- Bronze Medal: 2017 Junior World Championships
- Silver Medal: 2016 Junior Grand Prix, France
- Silver Medal: 2016 Junior Grand Prix, Russia

Exhibit 1 at 68 – 101.

7. Ms. Carriera and her partner's successes have led to their widespread recognition as being the top Junior ice dance team at least in the United States, and one of the top two in the world.

8. For example, David Reith, Executive Director of U.S. Figure Skating, the governing body of figure skating in the United States and representative member of the International Skating Union (ISU), has stated that: "Based on the team success, Miss Carreira and Mr. Ponomarenko are considered the top U.S. dance team at this level, and are ranked internationally among the top two teams in the world".

9. Mr. Reith went on to comment that "U.S. Figure Skating fully supports this petition seeking lawful permanent residence on Christina's behalf, so she may compete for the United States at all international events, and will hopefully be a competitor for the United States in winter Olympic events going forward." Exhibit 1 at 103.

10. On May 21, 2018, Ms. Carreira filed an employment-based immigrant visa petition with the USCIS to be classified as an alien of extraordinary ability under 8 U.S.C. § 1153(b)(1)(A). Exhibit 1.

11. This petition was filed with a "Request for Premium Processing Service" and an additional filing fee of $1,225 for that Request. Exhibit 1 at 8, 11.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

12. Premium Processing Service guarantees 15 calendar day processing of certain employment-based petitions or applications. … The processing time is met if USCIS issues an approval, a request for evidence, notice of intent to deny, or a denial notice within 15 calendar days of receipt unless the case is referred for investigation of suspected fraud or misrepresentation. Once USCIS receives a response to the request for evidence or notice of intent to deny, USCIS will guarantee 15 calendar day processing from the date the response was received. https://www.uscis.gov/system/files_force/files/form/i-907instr.pdf?download=1

13. Following a request for evidence and a timely response (Exhibits 2 and 3), the USCIS issued a decision on August 30, 2018 in which it conceded that Ms. Carriera satisfied two of the 10 criteria to be considered an alien of extraordinary ability as set forth in 8 C.F.R. § 204.5(h)(3)[2], Exhibit 4 at 4, but found that she did not meet a third of those criteria, that is "documentation of (her) receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor", despite not disputing that she and her dance partner were awarded the prizes mentioned above, nor that at least some of these awards were repeatedly commented upon in national media and trade publications.

---

[2] These were that Ms. Carreira has been the subject of published material about her in major media relating to her work in the in junior ice dancing, including Time Magazine and the Mercury News, and her work in her field has been displayed at artistic exhibitions or showcases.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

14. The sole reason provided by the decision for concluding that Ms. Carreira failed to establish this criterion was that her awards were "limited to members of that association and participants of those competitions". Exhibit 4 at 5.

This action ensued.

## JURISDICTION

15. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## VENUE

16. This Court has venue over this matter under 28 U.S.C. § 1391(e)(1)(A) in that the defendants reside in this judicial district.

## STANDING

17. Ms. Carreira has a legally protected interest in a decision by the USCIS on her Petition for an Immigrant Worker which is not arbitrary or capricious and (1) the invasion of this right has caused her concrete and particularized injury in that as a result of this invasion she has been barred from even being considered for lawful admission to the United States for permanent residence in the USCIS's discretion;  (2) there is a causal connection between the injury-in-fact and the defendant's challenged behavior in that it is precisely the defendant's denial of her

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

immigrant visa petition which prevents her from being considered for permanent residency and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will give Ms. Carreira an opportunity to apply for permanent residence which she is currently lacking. *Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.*, 775 F.3d 1255, 1259-61 (11th Cir. 2014) (viewing "deprivation of an opportunity to apply for adjustment of status" as injury*), Patel v. U.S. Citizenship & Immigration Servs.*, 732 F.3d 633, 637-38 (6th Cir. 2013) (viewing "the loss of an opportunity to become a permanent resident" as injury), *Matushkina v. Nielsen*, 877 F.3d 289, 293 (7th Cir. 2017) (loss of an opportunity to be granted a visa conveyed standing, even if the ultimate issuance of a visa was not certain). Accordingly, she has standing to complain of this action. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

## CAUSE OF ACTION

### I. THE DECISION SHOULD BE HELD UNLAWFUL AND SET ASIDE AS ARBITRARY AND CAPRICIOUS

### A. THE DECISION THAT AN AWARD IS NOT INTERNATIONALLY OR NATIONALLY RECOGNIZED SIMPLY BECAUSE ELIGIBILITY FOR IT IS LIMITED TO MEMBERS OF AN ASSOCIATION THAT COMPETE FOR IT IS ARBITRARY AND CAPRICIOUS BECAUSE IT IS IRRATIONAL AND COMPLETELY UNRELATED TO THE PLAIN MEANING OF "INTERNATIONALLY OR NATIONALLY RECOGNIZED"

18. The USCIS cites no authority and provides no reason, logical or otherwise, that none of the eight awards won by Ms. Carriera are nationally or internationally recognized "because it is limited to members of that association and participants of those competitions". There is in fact simply no logical reason why this fact, in and of itself, would cause them to not be

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

nationally or internationally recognized, regardless of how much national or international recognition these awards actually received.

19. Ms. Carreira does not dispute that membership in an ISU (International Skating Union)[3] member[4] is required to participate in the Final of the ISU Junior Grand Prix of Figure Skating, Exhibit 3 at 32. However, such membership requirements are an explicit or at least implicit requirement of numerous awards of wide international and national recognition. For example, to be awarded the Heisman Trophy, "The most prestigious award in college football", https://www.heisman.com/, one "***MUST be a bona fide student of an accredited college or university including the United States Academies.***" *https://www.heisman.com/about-the-heisman/balloting-info/*. **Needless to say, one must also participate in college football games.** Further one can certainly not win the National Football League's Most Valuable Player Award without being a member of a team within the National Football League, nor compete in its season. Nevertheless, it would be absurd to dispute that being the NFL's Most Valuable Player is not at least a nationally recognized award for excellence in the field of football. In fact, one cannot win an Olympic Gold medal without being a member of an National Olympic team and to actually compete in the

---

[3] "The International Skating Union, founded in 1892, is the exclusive international sport federation recognized by the International Olympic Committee (IOC) administering sports in the Branches of Figure Skating and Speed Skating throughout the world." https://www.isu.org/about-international-skating-union.

[4] Such members include U.S. Figure Skating. Exhibit 1 at 103.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

Olympics. Such facts are so well known as to require no authority and are indistinguishable from the instant situation, for the simple reason that whether an award is limited to members of a particular association, such as a member of the ISU, simply has no logical relationship to it being internationally or nationally recognized.

20. Although the USCIS does not cite authority for its conclusory assertion that the limitation of the Grand Prix Final Competition of the ISU Junior Grand Prix of Figure Skating to persons who belong to an ISU Member, one might speculate that it is derived from the following comment in the USCIS's Adjudicator's Field Manual (AFM):

> Relevant considerations regarding whether the basis for granting the prizes or awards was national or international recognition for excellence in the field include, but are not limited to:
> - The number of awardees or prize recipients as well as any limitations on competitors (an award limited to competitors from a single institution, for example, may have little national or international significance;

AFM 22.2(i)(1)

21. If this is the basis of the USCIS's decision, then it has obviously been completely misconstrued, in at least three (3) distinct ways.

22. First, an institution is not the same as an association, such as members of the International Skating Union. The Oxford Dictionary offers the following (relevant) definitions of an "institution":

> An organization founded for a religious, educational, professional, or social purpose.
> *'an academic institution'*
> *'a certificate from a professional institution'*

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

> Synonyms
> 1.    **1.1** An organization providing residential care for people with special needs.
> *'about 5 per cent of elderly people live in institutions'*
> Synonyms
> 2.    **1.2** An established official organization having an important role in a society, such as the Church or parliament.
> *'the institutions of democratic government'*

23. These definitions all have in common the word "organization" which the Oxford Dictionary defines primarily as "An organized group of people with a particular purpose, such as a business or government department."

24. The definition of association, "(often in names) a group of people organized for a joint purpose."' *may sound similar, but the examples offered, such as "the National Association of Probation Officers", demonstrate the distinction. A business or a government department is certainly distinctly different from a group of probation officers. One involves a group of people who dedicate their efforts full time towards forwarding the purpose of the organization (or institution), the other constitutes a group which may come together from time to time to pursue common goals, but whose full time employment is separate.*

25. So too it is apparent that when the AFM refers to an award limited to an "institution" it means a single, discrete entity, such as a university, a business or a hospital, and not a loose group of affiliated organizations, such as accredited colleges or NFL league teams. The use of the word "institution" can in no way be interpreted to mean that the USCIS did not consider that an award issued by an association to one of its members cannot be considered internationally or nationally recognized

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

26. Second, in no sense was the statement in the Adjudicator's Field Manual intended to mean that an award issued even by an institution, much less an association, could **never** be internationally recognized. It merely stated that it "may"[5] not be internationally or nationally recognized. Nothing in the AFM authorizes a finding that an award is not internationally or nationally recognized simply because it was issued by an institution, and for no other reason.

27. Finally, the caution that an award issued by an institution "may have little national or international significance" was apparently intended merely as a factor to be considered in determining whether an award was nationally or internationally recognized and certainly not to replace the ultimate determination itself. For example, a DHS officer might be reasonably informed that "most Americans speak English" and therefore one should look with

---

[5] The Oxford Online Dictionary offers several definitions of "may", only one of which is remotely applicable here: "Used to ask for or to give permission.
*'you may confirm my identity with your Case Officer, if you wish'*
*'may I ask a few questions?'*
…
*'None of the text or images from this site may be reproduced in whole or part without written permission.'* Accordingly there is no circumstances in which the word "may" can convey the idea that an award issued by an institution **must** not be considered to be nationally or internationally recognized, control his employ, but rather shows that he merely has permission to do – that is that he has the right to control, whether he chooses to exercise it or not. Or perhaps to cite a more familiar example, the fact that a court "may" grant oral argument in a case certainly doesn't oblige it to do so.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

skepticism upon the claims of a person speaking exclusively Spanish to be a U.S. citizen, but that certainly would not authorize him to take into detention a Spanish only speaker who nevertheless possessed a valid U.S. passport.

28. Here the record demonstrates that Ms. Carreira's awards were in fact nationally, and internationally, recognized. No less prominent a publication than Time Magazine expressly mentioned that she and her partner won the U.S. Juniors title as well as the bronze award at the world junior dance skating championship in 2017[6]. Exhibit 1 at 178. Likewise their winning the 2018 U.S. junior ice dancing competition the U.S. Skating Championships were mentioned in the Mercury News, Exhibit 1 at 182, a newspaper with the 7th largest Sunday circulation in America. Exhibit 3 at 105. Further, their various awards were repeatedly referenced in articles written about them in major trade publications such as Skating Magazine, Exhibit 3 at 80-88, the official publication of US Figure Skating[7], and at IceNetwork.com, Exhibit 3 at 101-107, "the most widely recognized news source for the international and domestic skating world" and which is now a part of the NBC Sports group. Exhibit 3 at 136.

---

[6] As noted above, they placed 2nd at 2018 World Championship.

[7] Exhibit 3 at 77. The courts have found it to be "self-evident that the website of the world's premier professional bull riding association is a major publication for professional bull riding." *Eguchi v. Kelly*, Civil Action No. 3:16-CV-1286-D, 2017 U.S. Dist. LEXIS 104974, at *10 (N.D. Tex. June 23, 2017) and that the National Hockey League's ("NHL's") own magazine was major trade publication. *Muni v. I.N.S.*, 891 F. Supp. 440, 444 (E.D. Ill. 1995).

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

29. Therefore .the mere fact that the U.S. junior ice dance competition is limited to members of International Skating Union does not in itself change the fact that it is nationally recognized by such major media as Time Magazine, the Mercury News, IceNetwork.com and Skating Magazine, any more than the fact that the Heisman Trophy is limited to students at accredited universities or the NFL's MVP Award is limited to the employees of NFL clubs is in itself a basis for disregarding the fact of their international recognition.

30. 5 U.S.C. § 706 provides in relevant part that in an action for judicial review under the Administrative Procedure Act

> The reviewing court shall—
> **(1)**compel agency action unlawfully withheld or unreasonably delayed; and
> **(2)**hold unlawful and set aside agency action, findings, and conclusions found to be—
> **(A)**arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

31. An irrational decision is arbitrary and capricious. *Dunlop v. Bachowski,* 421 U.S. 560, 574-75, 44 L. Ed. 2d 377, 95 S. Ct. 1851 (1975) (citations omitted) *overruled in not relevant part by Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen & Packers v. Crowley,* 467 U.S. 526, 549-50 n. 22, 81 L. Ed. 2d 457, 104 S. Ct. 2557 (1984).

32. The USCIS's decision to deny this petition because it found that the multiple awards won by Ms. Carriera and her partner in the field of junior international dance skating, including their Gold Medal in the 2018 United States National Championships, and their top global rankings were not nationally or internationally recognized awards, despite being written about in major media such as Time Magazine and Mercury News, and major trade publications such as Skating Magazine and IceNetwork.com, merely because it is limited to members of

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

associations which are members of the ISU who participate in those competitions, was irrational and so arbitrary and capricious in that the limitation of the winners of these awards to such members and participants bears no logical relationship to the question of whether such awards are nationally or internationally recognized, and is in fact contrary to the plain language of these terms.

## CONCLUSION

Inasmuch as the decision in this matter is arbitrary and capricious, an abuse of discretion, and not in accordance with law, it should be held unlawful and set aside. Further, consistent with the Instruction to the Form I-907 filed by Ms. Carriera in this matter, the USCIS should make a new decision on this petition within 15 days of its initial decision being set aside.

Respectfully Submitted

s/ *Michael E. Piston*
Michael E. Piston
Attorney for the Plaintiff
Dated:

## EXHIBIT LIST

1. Initial Petition

2. Request For Evidence (RFE)

3. Response to RFE

4. Decision

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|