# COMPLAINT EXHIBIT FOUR

August 30, 2018

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521






LIN1816150520



A215-532-695

CHRISTINA CARREIRA
c/o SUSAN RENEE FORTINO BROWN
LAW OFC OF SUSAN FORTINO BROWN
53 W JACKSON STE 1160
CHICAGO, IL 60604

RE: CHRISTINA CARREIRA
I-140, Immigrant Petition for Alien Worker



## DECISION

Reference is made to this Immigrant Petition for Alien Worker (Form I-140 petition) filed by Christina Carreira, the petitioner, on behalf of CHRISTINA CARREIRA on May 21, 2018. This petition seeks to classify the beneficiary as an employment-based immigrant in accordance with Section 203(b)(1)(A) of the Immigration and Nationality Act (INA). After consideration, it is the decision of U.S. Citizenship and Immigration Services (USCIS) to deny this Form I-140 petition.

The beneficiary intends to work as a Junior Level International Ice Dance Competitor.

INA Section 203(b)(1)(A) defines an "alien with extraordinary ability" in the following terms:

--An alien is described in this subparagraph if-

i. The alien has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation,

ii. The alien seeks to enter the United States to continue work in the area of extraordinary ability, and

iii. The alien's entry into the United States will substantially benefit prospectively the United States.

8 Code of Federal Regulations (8 CFR), 204.5(h)(2) defines "extraordinary ability" as: A level of expertise indicating that the individual is one of that small percentage who has risen to the very top of the field of endeavor.

USCIS and the legacy Immigration and Naturalization Service (INS) have consistently recognized that Congress intended to set a very high standard for individuals seeking immigrant visas in the extraordinary ability classification. See 56 Federal Register 60897, 69898-99 (Nov. 29, 1991).[

8 CFR 204.5(h)(3) indicates that an individual can establish sustained national or international acclaim through evidence of a one-time achievement (that is, a major, internationally recognized award). Barring the individual's receipt of such an award, the regulation outlines ten criteria, at least three of which must be satisfied for an individual to establish the sustained acclaim necessary to qualify as an individual of extraordinary ability. The criteria are outlined below.

(i) Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;

(ii) Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;

(iii) Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation;

(iv) Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specialization for which classification is sought;

(v) Evidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field;

(vi) Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media;

(vii) Evidence of the display of the alien's work in the field at artistic exhibitions or showcases;

(viii) Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;

(ix) Evidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field; or

(x) Evidence of commercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales.

Additionally, 8 C.F.R. Section 204.5(h)(4) states, "If the above standards do not readily apply to the beneficiary's occupation, the petitioner may submit comparable evidence to establish the beneficiary's eligibility."

In reviewing this petition, USCIS will first consider the evidence in relation to the plain language of the above criteria. If the individual has received a one-time achievement (a major internationally recognized award) or meets at least three criteria, USCIS will then consider the evidence in the context of a final merits determination.



However, the fact that an individual meets the minimum requirement of providing required initial evidence does not, in itself, establish that the individual is one of the small percentage who have risen to the very top of the field of endeavor, and that the beneficiary has sustained national or international acclaim in the field. See *Kazarian v. USCIS*, 2010 WL 725317 (9th Cir. March 4, 2010).

On May 31, 2018, USCIS issued a Request For Evidence ("RFE") seeking further documentation of the Petitioner's extraordinary ability. The petitioner's response was received on August 17, 2018 and has been added to the record.

**I. Analysis of Criteria**

The evidence does not show that the Petitioner has received a major, internationally recognized prize or award. As a result, the evidence must demonstrate that the Petitioner has fulfilled at least three of the ten criteria listed in the regulations. USCIS will analyze the evidence that was submitted under each criterion below. (Note: The petitioner does not claim that the Petitioner meets the regulatory criteria not discussed in this decision.)

USCIS has determined that the petitioner has provided sufficient documentation to establish the Petitioner has met the following regulatory criteria:

- Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation;

- Evidence of the display of the alien's work in the field at artistic exhibitions or showcases;



USCIS has determined that the petitioner provided documentation, but failed to establish eligibility for the following criteria:

**Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;**

The record shows that you were the recipient of silver and gold awards at national and international ice skating competitions, but we do not consider such an honor to be a nationally or internationally recognized prize or award for excellence in the field of endeavor, because it is limited to members of that association and participants of those competitions; thus, such evidence has no probative value for meeting this criterion.

In response to our request for additional evidence, you submitted further documentation to establish that your ice skating awards are lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor.

It must be noted that these awards were not directly awarded to you. They were awarded for your performance as part of a sports team.

And USCIS must reiterate that but we do not consider such honors to be a nationally or internationally recognized prize or award for excellence in the field of endeavor, because it is limited to members of that association and participants of those competitions.

**Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;**

The plain language of this criterion requires evidence (1) of membership in associations, (2) that the associations be in the alien's academic field, and (3) that the associations require outstanding achievements of their members as judged by recognized national or international experts in their disciplines or fields.

You submitted evidence in the form of letters from experts that you are a member of the U.S. Figure Skating and the Skating Club of New York, but no evidence that the associations require outstanding achievements of their members as judged by recognized national or international experts in their disciplines or fields. Requirements that only include employment or activity in a given field; minimum education, experience, or achievement; recommendations by colleagues or current members; or payment of dues do not satisfy this criterion since these requirements do not constitute outstanding achievements.

In response to our request for additional evidence, you submitted a 2017/2018 International Skating Union (ISU) announcement, your scholarship award letter from the ISU, and an ISU World Junior Figure Skating Championships announcement.



USCIS must reiterate, requirements that only include employment or activity in a given field; minimum education, experience, or achievement; recommendations by colleagues or current members; or payment of dues do not satisfy this criterion since these requirements do not constitute outstanding achievements.

Further, being a member of an athletic team does not pertain to "membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields."

**Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;**

You submitted letters of support from experts in your field in support of this criterion, however you may not use your skating competitions to meet this criterion because an ice skater cannot claim to have performed a leading or critical role where myriad others have also performed, unless, of course, your work is the mainstay of that competition, et al., but the evidence does not support such a claim.

In response to our request for additional evidence, you submitted a letter from Mitch Moyer, Senior Director, Athlete Performance United States Figure Skating discussing your role for the organization with your skating partner. The letter indicates that you and your partner were selected by U.S. Figure Skating to represent the United States based on your performance. USCIS is aware there are many others chosen to represent the U.S. in your field.

The key question is whether your role was leading or critical to an entire organization or establishment, as opposed to a mere department or component within the organization. We conclude that the record does not contain evidence that you were responsible for organizations' or establishments' success or standing to a degree consistent with the meaning of "leading or critical role." For example, there is no indication that you are on the A, B, C, D, or reserve team.

## II. Final Merits Determination

Upon review, USCIS finds that the beneficiary has not received a one-time achievement (a major internationally recognized award) or does not meet at least three of the ten criteria. Since the petitioner has not established by a preponderance of the evidence that the beneficiary meets at least three of the antecedent evidentiary prongs, USCIS will not conduct a final merits determination to determine whether the beneficiary has reached a level of expertise indicating that the beneficiary is one of that small percentage who have risen to the very top of the field of endeavor, and whether the beneficiary has sustained acclaim.

Establishing eligibility for the high level of expertise required for the E11 immigrant classification is based on the beneficiary possessing:

- Sustained national or international acclaim.
    - In determining whether the beneficiary has enjoyed "sustained" national or international acclaim, such acclaim must be maintained. A beneficiary may have achieved extraordinary ability in the past but then failed to maintain a comparable level of acclaim thereafter; and,
- Achievements that have been recognized in the field of expertise, indicating that the beneficiary is one of that small percentage who has risen to the very top of the field of endeavor.

Therefore, USCIS does not find the beneficiary to be an individual of extraordinary ability.

The burden of proof in these proceedings rests solely with the petitioner. Section 291 of the INA, 8 U.S.C. § 1361. The petitioner has not sustained that burden.

In view of the above, the petition is denied.

If you disagree with this decision, you may appeal to the Administrative Appeals Office (AAO) by filing a Notice of Appeal or Motion (Form I-290B) within 33 days of the date of this decision. Alternatively, you may use Form I-290B to submit a motion to reopen or reconsider. For the latest information on filing location, fee, and other requirements, please review the Form I-290B instructions at http://www.uscis.gov/forms, call our USCIS Contact Center at 1-800-375-5283, or visit your local USCIS office. If USCIS does not receive a properly filed appeal, this decision will become final.

This decision does not prevent you from filing any petition or application in the future.

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.ombudsman.sba.gov or phone 202-205-2417 or fax 202-481-5719.



Sincerely,

Loren K. Miller
Director
Officer: 0024